# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| **MICHAEL HENDERSON** | **CIVIL ACTION NO. 05 cv 0927** |
| **VS.** | **SECTION P** |
| **WARDEN HUNT CORRECTIONAL** | **JUDGE DRELL** |
| | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM ORDER

Before the court is Michael Henderson's *pro se* petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed on May 27, 2005. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is serving a fifteen plus twenty-five year concurrent sentence, plus a twenty-five year consecutive year consecutive sentence following his 1998 conviction for three counts distribution of cocaine in Louisiana's 7th Judicial District Court, Concordia Parish.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

## STATEMENT OF THE CASE

The petition, its accompanying exhibits, and the published jurisprudence of the State of Louisiana establish the following:

2. On April 21, 1998, petitioner was found guilty after a trial by jury. [Doc. 1, p.1]

3. On May 19th 1999 he was sentenced to serve fifteen plus

twenty-five year concurrent sentence, plus a twenty-five year consecutive year consecutive sentence. [Doc. 1-4, p. 3]

4. Petitioner asserts that he did not directly appeal his conviction and sentence. [Id.]

5. **On an unspecified date, Petitioner sought a supervisory writ for an Out of Time Appeal in the 7th Judicial District Court.** [Id.] This was denied.

6. Petitioner asserts this course of events violated his right to be represented by counsel on direct appeal.

7. On September 26, 2001, the trial court lodged an appellate record with the Louisiana Third Circuit Court of Appeal. [Doc. 1-4, p.10]

8. On February 6, 2002 the Third Circuit affirmed the conviction and sentence. See State v. Henderson 01-1255 (La.App. 3 Cir. 2/6/02). [Rec. Doc. 1-4, p. 10]

9. **On an unspecified date, Petitioner applied for a writ of mandamus in the Third Circuit Court of Appeal.** This was denied on May 30, 2003.

10. On June 24th, 2003, Petitioner filed for a supervisory writ in the Louisiana Supreme Court.

11. On July 2, 2004, the writ was denied. See State ex rel. Henderson v. State, 877 So.2d 134, 2003-1970 (La. 7/2/2004) (NO.2003-KH-1970)

12. Petitioner apparently did not seek review in the United

States Supreme Court.

13. Petitioner signed this petition for *habeas corpus* on May 10, 2005; His pleadings were filed on May 27, 2005.

## LAW AND ANALYSIS

Before reaching the merits of a *habeas* claim, this court is obliged to review the pleadings and exhibits submitted by the petitioner in order to determine among other things, whether or not the petitioner has exhausted all available state remedies prior to filing his petition in federal court;[1] whether or not the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1);[2] and whether or not any or all of the claims raised are subject to the procedural default doctrine.[3]

---

[1] Habeas petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas*, 117 F.3d 233 (5th Cir. 1997). See also, 28 U.S.C. § 2254(b)(1).

[2] "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."
\* \* \*
The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection."

[3] The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct.

## 1. Time-bar

Petitioner has not alleged nor has he provided documentary evidence to establish the dates upon which he filed his petition **for a supervisory writ for an Out of Time Appeal in the 7th Judicial District Court.**; or **Petitioner applied for a writ of mandamus in the Third Circuit Court of Appeal.**

In order to determine whether or not this petition is time barred, petitioner should be required to provide evidence to establish when he filed the pleadings in question. Therefore,

**IT IS ORDERED THAT** petitioner amend his pleading within forty (40) days of this order and provide:

1. A **dated copy** of his Application for supervisory writ filed in the 7th Judicial District Court; and

2. A **dated copy** of petitioner's Application for a writ of mandamus in the Third Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that in the event petitioner is unable to provide the documents set forth above, petitioner is to notify

---

2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargettt*, 61 F.3d 410, 416 (5th Cir. 1996).

the court in writing prior to the expiration of the time limit set forth above.

**IT IS FURTHER ORDERED** that in the event that any of petitioner's claims were the subject of a procedural default, he submit to the Clerk of Court, within forty (40) days of the filing of this order, a response hereto **setting forth facts which demonstrate that federal *habeas* review of those claims are not barred by the procedural default doctrine**, e.g. facts demonstrating cause and prejudice, a miscarriage of justice, or a specific showing that the procedural bar applied in this case is not strictly or regularly applied by the state court or was misapplied in petitioner's case. Petitioner may attach any and all documentation which he chooses to his response.

**Failure to comply with this order may result in dismissal of this suit pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Failure to keep the court apprized of any address changes may likewise result in dismissal of this action pursuant to Uniform Local Rule 41.3.**

**THUS DONE AND SIGNED** in Chambers, Alexandria, Louisiana, this _1st_ day of _September_, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE