U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 2 9 2005

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

MICHAEL HENDERSON                    CIVIL ACTION 05-0927-A

VS.                                  SECTION P

LYNN COOPER, WARDEN                  JUDGE DRELL

                                     MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the court is the *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by Michael Henderson on or about May 10, 2005. Henderson is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana where he is serving consecutive hard labor sentences imposed following his 1998 convictions for distribution of cocaine in the Seventh Judicial District Court, Concordia Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, and the exhibits tendered by the petitioner in response to the undersigned's September 1, 2005 Memorandum Order establish the following relevant facts:

1. On April 21, 1998 petitioner was convicted of three

counts of distribution of cocaine in the Seventh Judicial
District Court. According to petitioner, on May 19, 1999[1] he was
sentenced to serve hard labor sentences. [Doc. 1-1, paragraphs 1-
4; Doc. 1-3, p. 12; Doc. 7-2, p. 12]

2. On June 1, 2000 petitioner filed a *pro se* Motion for Out-
of-Time Appeal in the Seventh Judicial District Court. [Doc. 7-2,
p. 5][2]

3. On November 8, 2000, the District Court granted
petitioner's out-of-time appeal. [Doc. 7-2, p. 6, but see
petitioner's allegations as set forth in footnote 2]

4. On some unspecified date petitioner filed a *pro se* brief
in the Third Circuit Court of Appeals under that court's docket
number 00-01797-KH. Petitioner argued five assignments of error:
(a) insufficiency of evidence; (b) ineffective assistance of
counsel; (c) abuse of discretion in sentencing; (d) excessiveness
of sentence; and, (e) trial error when court did not permit the
jurors to view videotapes. [Doc. 7-2, pp. 8-20]

5. On February 6, 2002 petitioner's judgment of conviction
and sentence were affirmed by the Third Circuit Court of Appeals

---

[1] Petitioner does not suggest why more than one year elapsed
between the date he was convicted and the date he was sentenced.

[2] Elsewhere petitioner alleged, "On or about July 21, 2000,
appellant filed for Post-Conviction Relief where on October 4,
2000, the district court held an Evidentiary-Hearing [sic] and
after a brief review of the claim(s) for relief, the court
continued the case until November 8, 2000, where relief was
denied." [Doc. 7-2, p. 12]

in an unpublished opinion. <u>State v. Henderson</u>, 2001-01255 (La. App. 3d Cir. 2/6/2002), 812 So.2d 158 (unpublished).

6. On or about April 30, 2003, petitioner filed a "Writ of Mandamus to Enforce and Writ of Mandamus for Contempt of Court" in the Third Circuit. In this pleading petitioner sought an order directing the District Court to lodge the record on appeal in the Court of Appeals. [Doc. 7-2, pp. 6-7; see also Doc. 1-4, p. 10] On May 30, 2003, the Third Circuit denied writs stating,

> "The trial court lodged an appellate record with this court on September 26, 2001. This court affirmed Relator's convictions and sentences. See <u>State v. Henderson</u>, an unpublished opinion bearing docket number 01-1255 (La. App. 3 Cir. 2/6/02). Accordingly, we deny Relator's 'Writ of Mandamus to Enforce and Writ of Mandamus for Contempt of Court.'" See Doc. 1-4, p. 10, <u>State v. Henderson</u>, KH 03-00530 (La. App. 3d Cir. 5/30/2003).

7. On June 24, 2003 petitioner filed a *pro se* pleading entitled "Original Brief On Behalf of the Appellant Michael Henderson from Judgment Denying Relief from Trial Proceedings Held before the Honorable Kathy Johnson of the Seventh Judicial District Court – Parish of Concordia under Case No. 97-1865, and Third Circuit Court of Appeal – Case Nos. 00-1797-KH, 01-1255 (2/6/02); and KH 03-00530." [Doc. 1-4 pp. 1-10]

8. On July 2, 2004, the Supreme Court denied writs. <u>State ex rel. Michael Henderson v. State of Louisiana</u>, 2003-1970 (La. 7/2/2004), 877 So.2d 134.

9. On or about May 10, 2005, petitioner signed and therefore filed his federal *habeas corpus* petition.[3] On September 1, 2005, the undersigned issued a Memorandum Order directing petitioner to provide additional information to assist in the initial review of the case. [Doc. 6] On September 26, 2005 petitioner filed a response and provided (1) A dated copy of the pleadings he filed in the Seventh Judicial District Court seeking an out-of-time appeal [Doc. 7-2, pp. 1-5]; (2) An undated copy of his Writ of Mandamus to Enforce and Writ of Mandamus for Contempt of Court [doc. 7-2, pp. 6-7]; (3) An undated copy of his "Original Brief on Behalf of the Appellant ..." filed in the Third Circuit Court of Appeals under Docket Number 00-1797-KH. [Doc. 7-2, pp. 8-20] Petitioner also suggested that he needed more time to accumulate additional documents, specifically "trial transcripts, writ applications, mandamus, writ, etc." He also stated, "The date that I filed my supervisory writ for an out of time appeal and the writ of mandamus in the Third Circuit Court of Appeals is unknown by petitioner at this time ..." [Doc. 7-1] Petitioner indicated that he was in the process of attempting to locate

---

[3] Petitioner's pleadings were received and filed on May 27, 2005. However, the "mailbox rule" provides that a prisoner's federal pleadings should be considered to have been filed as of the date the pleadings were presented to the prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Since the petition is dated May 10, 2005 the undersigned assumes that this was the earliest date that the petitioner could have presented his pleadings to the authorities for mailing.

these documents.

Nevertheless, upon further review of the original petition and exhibits along with the exhibits submitted on September 26, 2005, the undersigned had concluded, for the reasons that follow, that no further documentation is needed and the matter should be resolved on the basis of the pleadings and exhibits presently before the court.

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court.   This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C.

§2244(d)(1)(A).[4]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2)provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation sua sponte. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. §

---

[4] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

2244(d)(1)(A)], on or about May 27, 1999.[5]  See <u>Roberts v.
Cockrell</u>, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops
the appeal process before entry of judgment by court of last
resort, the conviction becomes final when the time for seeking
further direct review in the state court expires.) Under 28
U.S.C. § 2244(d)(1) petitioner had one year, or until May 27,
2000 to file his federal *habeas* petition.

Petitioner filed his Application for Post-Conviction Relief
and/or Motion seeking an out-of-time appeal at the earliest on
June 1, 2000. Therefore, by the time he filed his post-conviction
pleading, the one-year AEDPA limitations period had already
lapsed.  As noted, any lapse of time <u>before</u> the proper filing of
an application for post-conviction relief in state court is
counted against the one-year limitation period. <u>Villegas</u>, 184

---

[5] See La. C.Cr.P. art. 914(b)(1) which, at the time of
petitioner's conviction, provided, "The motion for an appeal must
be made no later than [f]ive days after the rendition of the
judgment or ruling from which the appeal is taken." Art. 914 was
amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to
extend the time period to thirty days.

See also La. C.Cr.P. art. 13 which provides: "In computing a
period of time allowed or prescribed by law...the date of the
act, event, or default after which the period begins to run is
not to be included. The last day of the period is to be included,
unless it is a legal holiday, in which event the period runs
until the end of the next day which is not a legal holiday. ... A
legal holiday is to be included in the computation ... except
when ...the period is less than seven days." Petitioner was
sentenced on Wednesday, May 19, 1999. The five day delay for
filing an appeal commenced on Thursday May 20 and ended on
Thursday, May 27, 1999.

F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

Petitioner was thus unable to successfully toll the limitations period during the pendency of his out-of-time appeal.

Petitioner may suggest that when the Louisiana court granted his out-of-time appeal, his AEDPA clock was restarted as of the date upon which the out-of-time appeal process was concluded. Stated another way, it could be argued that the petitioner's conviction does not become "final" until the conclusion of the out-of-time appeal process, and, since the one-year limitations period codified at § 2244(d) commences on "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...", a federal *habeas* petitioner has a full year reckoned from the date that the out-of-time appeal process concludes within which to file his petition. However, that is not the case. In <u>Salinas v. Dretke</u>, 354 F.3d 425 (5th Cir. 2004), *certiorari denied*, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004), the Fifth Circuit examined the effects of an out-of-time appeal on the AEDPA's timeliness provisions. A similar argument was raised by the *habeas* petitioner in that case and his argument was summarized by the Fifth Circuit as follows, "...Salinas argues, his conviction was 'de- finalized,' and the statute of limitations – though legitimately initiated in August 2000 – should be deemed to have

begun again with the rejection of the PDR in January 2003." *Id.*
at 429.

    The Fifth Circuit rejected Salinas's argument:

> "<u>On its face, AEDPA provides for only a
> linear limitations period, one that starts
> and ends on specific dates, with only the
> possibility that tolling will expand the
> period in between</u>. See § 2244(d)(1), (2). So
> long as the petitioner is being held pursuant
> to the same state court judgment, <u>nothing in
> AEDPA allows for a properly initiated
> limitations period to be terminated
> altogether by collateral state court action.
> Rather, the statutory framework only provides
> for the tolling of limitations during the
> pendency of state collateral review</u>. See §
> 2244(d)(2).
>
> Thus, the issue is not whether the Court of
> Criminal Appeals' action revitalized
> Salinas's limitations period, but rather
> whether the existence of that potential
> relief prevents the limitations period from
> starting to run until after that level of
> appeal has been denied. That is to say, we
> need to determine whether, in Texas, the
> mechanism by which Salinas obtained the right
> to file an 'out-of-time' PDR is part of the
> direct or collateral review process. If that
> relief comes as a result of direct review,
> there would be no basis for limitations even
> to begin running until the Court of Criminal
> Appeals has finalized the judgment by
> declining to grant relief on that level of
> appeal. If, on the other hand, an
> 'out-of-time' PDR is awarded only as a result
> of the collateral review process, limitations
> is tolled merely while the petitioner seeks
> to obtain that relief." *Id.* at  429-430
> (emphasis supplied)


Thus, the court concluded,

> "As a result, when a petitioner convicted in

the Texas system acquires the right to file
an 'out-of-time' PDR, the relief tolls
AEDPA's statute of limitations until the date
on which the Court of Criminal Appeals
declines to grant further relief, but it does
not require a federal court to restart the
running of AEDPA's limitations period
altogether.... Therefore, because Salinas's
right to file the 'out-of-time' PDR is
necessarily the product of state habeas
review, it does not arise under the 'direct
review' procedures of the Texas judicial
system. Accordingly, the Court of Criminal
Appeals' granting of Salinas's writ does not
alter the fact that limitations set forth in
28 U.S.C. § 2244(d)(1)(A), properly began to
run on August 21, 2000, and fully lapsed on
March 31, 2002. " *Id.* at 430-431.

This reasoning is applicable to the case at bar. In

Louisiana the only mechanism which can be employed to reinstate

lapsed appeal rights and thus grant an out-of-time appeal is the

Application for Post-Conviction Relief. See State v. Counterman,

475 So.2d 336 (1985). In Counterman, the Louisiana Supreme Court

held:

"La.C.Cr.P. Art. 915 requires the court to
order an appeal when a motion for appeal is
made in conformity with Articles 912, 914 and
914.1. However, when a defendant fails to
make a motion for appeal within the time
provided in Article 914, he loses the right
to obtain an appeal by simply filing a motion
for appeal in the trial court. This is not
because the trial court has been divested of
jurisdiction, as was held in State v.
Braxton, 428 So.2d 1153 (La.App. 3rd
Cir.1983), but because the conviction and
sentence became final when the defendant
failed to appeal timely.

After the time for appealing has elapsed, the

> conviction and sentence are no longer subject
> to review under the ordinary appellate
> process, unless the defendant obtains the
> reinstatement of his right to appeal." State
> v. Counterman, 475 So.2d at 338. (emphasis
> supplied)

And, concluded the Court, "...the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in Article 914 has expired, is an application for post conviction relief pursuant to Articles 924-930.7." Id. at 339. (emphasis supplied.)

In this case, petitioner's out-of-time appeal was granted only after he asserted that right through Louisiana's collateral review process, the Application for Post-Conviction Relief. He, like Mr. Salinas, was not thereby entitled to have his conviction "de-finalized."

The collateral review process, started with the filing of petitioner's Application for Post-Conviction Relief or Motion seeking an out-of-time appeal; it proceeded through his out-of-time appeal before the Third Circuit, and concluded when the petitioner failed to timely seek review in the Supreme Court. Thus, even if petitioner's out-of-time appeal would have tolled the limitations period, the instant petition would still be untimely.

As noted above, petitioner filed his pleadings seeking an out-of-time appeal on June 1, 2000. The out-of-time appeal process continued until February 6, 2002 when the Third Circuit

affirmed his conviction and sentence. See <u>State v. Henderson</u>,
2001-01255 (La. App. 3d Cir. 2/6/2002), 812 So.2d 158
(unpublished). Petitioner did not seek further review in the
Louisiana Supreme Court until June 24, 2003, more than sixteen
months after the Third Circuit affirmed his conviction. Under
Louisiana law, petitioner had a period of only thirty days within
which to seek further direct review in Louisiana's Supreme Court.
[See Louisiana Supreme Court Rule X §5(a)][6]

Since <u>Salinas</u> requires the court to treat the out-of-time
appeal process as a species of collateral review under
§2244(d)(2), petitioner's post-conviction proceedings ceased to
be "properly filed" as of February 6, 2002, the date the Third
Circuit Court of Appeals affirmed his conviction and sentence.
Even though petitioner ultimately filed his Supreme Court writ
application on June 24, 2003, that application was clearly filed
more than thirty days after the entry of the judgment complained
of and thus could not be considered "properly filed" so as to

---

[6] See Louisiana Supreme Court Rule X § 5(a) which provides:
"An application seeking to review a judgment of the court of
appeal ... shall be made within thirty days of the mailing of the
notice of the original judgment of the court of appeal..."

See also <u>Williams v. Cain</u>, 217 F.3d 303, 308 (5th Cir. 2000):
"Rule X, §5(a) is a procedural requirement governing the time of
filing. The rule sets out no specific exceptions to, or
exclusions from, this requirement. Indeed, the rule forbids any
extension of the thirty-day limit."

properly toll the limitations period.[7]  Therefore, any tolling of

the limitations period would have ceased on February 6, 2002.

Petitioner filed his federal *habeas corpus* petition in May, 2005,

and by that time an additional period of more than three un-

tolled years elapsed.

The Fifth Circuit has held that the AEDPA's one-year statute

of limitations can, in rare and exceptional circumstances, be

equitably tolled. See <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th

Cir.1998). However, "[e]quitable tolling applies principally

where the plaintiff is actively misled by the defendant about the

---

[7] As shown above, pursuant to Supreme Court Rule X §5(a),
petitioner had a period of thirty days within which to file his
writ application following the Third Circuit's February 6, 2002
judgment. Since he failed to timely file the writ application in
the Supreme Court, the pleading he ultimately filed cannot be
considered either "pending" or "properly filed" so as to toll the
limitations period of the AEDPA. See <u>Williams v. Cain</u>, 217 F.3d
303, 310-311 (5th Cir. 2000) ("In this case, Williams failed to
comply with Louisiana Supreme Court Rule X, § 5(a) by filing an
application for a supervisory writ with that court within thirty
days after the intermediate state appellate court denied his
application for a supervisory writ from the trial court's denial
of his application for post-conviction review. Rule X, § 5(a)
expressly prohibits any extension of the thirty-day period. The
district court correctly observed that no evidence suggested that
the Louisiana Supreme Court considered Williams's untimely
application for a supervisory writ on the merits.

Once Williams failed to comply with Louisiana Supreme Court Rule
X, § 5(a), 'further appellate review [was] unavailable under
[Louisiana's] procedures.' [citation omitted] His application for
post-conviction relief from the Louisiana courts ceased to be
pending long before the one-year grace period of the AEDPA began
to run. No tolling applies. The period for filing a section 2254
petition expired ... [and thus] Williams's federal petition was
untimely."

cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). The pleadings and exhibits submitted by the petitioner suggest no support for equitable tolling of the statute of limitations. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his federal *habeas corpus* claims.

Further, even giving petitioner the benefit of every doubt, it is clear that he has not pursued his federal relief with due diligence; he allowed more than ten months to elapse between the date that the Supreme Court denied his untimely writ application and the date he filed his federal *habeas corpus* petition. See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir.1999) (equitable tolling requires diligent pursuit of *habeas* relief).

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply. Dismissal on those grounds is therefore recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and

15

Rule 72(b), parties aggrieved by this recommendation have ten
(10) business days from service of this Report and Recommendation
to file specific, written objections with the Clerk of Court.  A
party may respond to another party's objections within ten (10)
days after being served with a copy of any objections or response
to the District judge at the time of filing.

**Failure to file written objections to the proposed factual
findings and/or the proposed legal conclusions reflected in this
Report and Recommendation within ten (10) days following the date
of its service, or within the time frame authorized by
Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking
either the factual findings or the legal conclusions accepted by
the District Court, except upon grounds of plain error. *See,
Douglass v. United Services Automobile Association*, 79 F.3d 1415
(5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana,
this _____ day of _____, 2005.

**JAMES D. KIRK**
**UNITED STATES MAGISTRATE JUDGE**